In the

# United States Court of Appeals
## For the Seventh Circuit

No. 16-1913

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

ANDRE WILLIAMS,

*Defendant-Appellant*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 95 CR 242-6 — **Robert W. Gettleman**, *Judge*.

SUBMITTED AUGUST 30, 2016 — DECIDED SEPTEMBER 6, 2016[*]

Before WOOD, *Chief Judge*, and POSNER and EASTERBROOK,
*Circuit Judges*.

PER CURIAM. Andre Williams, who has 14 years left to
serve in prison (his release is scheduled for 2030, if he earns
and retains all good-time credits), asked the district court to
revise some conditions that will apply to supervised release

---

[*] The court initially resolved this appeal by nonprecedential order.
The order is being reissued as an opinion.

once his time in prison ends. The district court declined, deeming the application premature.

District judges have the authority to revise terms of supervised release "at any time" (18 U.S.C. §3583(e)(2)). Williams maintains that, because a judge *may* act at any time, the judge *must* act whenever requested to do so. The district judge thought otherwise, observing that, in the 14 years between now and Williams's scheduled release, "he may have totally other issues that he might want to deal with regarding supervised release." The judge might have added that the governing law (including controlling decisions of this court) may change between now and then.

If the district judge had proposed to defer decision until Williams was actually out of prison, we would be inclined to think that a mistake. Williams is entitled to know, before he leaves prison, what terms and conditions govern his supervised release. We would be reluctant to allow a judge to deem premature a request in the final year or two of imprisonment. But treating a request 14 years in advance as premature, and requiring the prisoner to make all potential arguments at one time in the year or so before release, is a sound exercise of discretion.

On that understanding, the judgment is affirmed.